In the Matter of ANTHONY JOHN FALANGA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 11, 1992

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Robert P. Guido* of counsel), for petitioner.

*Joseph A. Suozzi* for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding the respondent was charged with four allegations of professional misconduct. The Special Referee sustained all four charges. The petitioner moves to confirm the report of the Special Referee. The respondent cross-moves to disaffirm the report to the extent that it sustained Charges One, Two, and Three and to otherwise confirm the report.

After reviewing the record, we disagree with the conclusions of the Special Referee. We find, based on the evidence adduced, that the respondent is guilty of the misconduct alleged in Charge Four and confirm only so much of the Special Referee's report as sustains that charge.

Charge Four alleges that the respondent's neglect and lack of diligence in failing to properly oversee or review the books, records, and bookkeeping practices of the law firm of which he was a partner contributed to the situation in which an excess of $180,000 in client funds entrusted to the firm were wrongfully converted in or about 1985.

The record reveals that the conversion of escrow funds was accomplished solely by the respondent's law partner. There is no evidence that the respondent ever converted client funds or even knew of his partner's conversions at the time they occurred. Rather, the respondent only learned of the conversions when disciplinary proceedings were commenced against his law partner. In fact, both the petitioner and the Special Referee acknowledge that the respondent properly deposited into the escrow account all funds entrusted to him and that said funds were ultimately paid to the proper parties.

While the Special Referee sustained all four charges of misconduct against the respondent, his assessment of the evidence indicates that in fact there was only enough evidence to find the respondent guilty of the negligence alleged in Charge Four. The report of the Special Referee contains the following: "The evidence shows that while the Respondent states that he did not participate or have any knowledge as to the various transactions of the firm which occurred in this matter that at least he was negligent in his supervision of the many financial practices which contributed to the conversion of the clients' funds and that therefore, the Charges in the Petition have been sustained". We agree with the Special Referee's assessment of the evidence but find that such evi-

dence does not support sustaining all the charges. Rather, a finding of negligence supports only Charge Four.

Accordingly, we find the respondent guilty of only the misconduct alleged in Charge Four. The petitioner's motion to confirm the report of the Special Referee is granted to the extent that the Special Referee's findings as to Charge Four are confirmed and the motion is otherwise denied. The respondent's motion to confirm in part and disaffirm in part the report of the Special Referee is granted.

In determining an appropriate measure of discipline, we have taken into consideration that there is no evidence even suggesting that the respondent was in any way a party to his law partner's misconduct. Moreover, the respondent has been an attorney in good standing for 30 years and has fully cooperated at all stages of the proceeding. Accordingly, the respondent is censured for his failure to oversee or review the books, records, and bookkeeping practices of his law firm.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent that the report sustains Charge Four, and is otherwise denied; and it is further,

Ordered that the respondent's motion to confirm in part and disaffirm in part the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Anthony John Falanga, is hereby censured for his professional misconduct.